In The United States District Court
For the District of Puerto Rico.

United States of America
Plaintiff Respondente,

Case No. 97-Cr-076-DRD.

Vs.

Carmelo Vega Pacheco
Defendant Petitioner.

RECEIVED & FILED
2008 JUL 23  AM 10:40
CLERKS OFFICE
U.S. DISTRICT COURT
SAN JUAN P.R

## Motion for 18 USC 3582 (c) (2) Supreme Court.

To The Honorable Court.

Now Comes, the Defendant Petitioner Carmelo Vega Pacheco Pro-se 18 USC 3582 (c)(2) Supreme Court. respectfully request this court appoint Counsel to prepare and file on his behalf a motion to Vacate, set aside or correct Sentence Pursuant to 18 USC 3582 (c) (2) Supreme Court.

1- The Petitioner is unable to offord Counsel, and the issues involved in this case are complex.

2. The Petitioner, does not speak, read or write any English, has only a limited School education, and has not legal education.

3. The petitioner is being housed in the state Correctional complex, known as "El Montro Verde"; in Penuelas, Puerto Rico; at a Maximum security Section [22 hours lock-down], and is being denied "Adequate assistance from persons trained in the law."

4. The Petitioner is being denied access to the Court in that he does not have access to

A constitutionally adequate law library, which prevent him from access to legal materials from the federal jurisdiction needed for this purposes.

5. The constitutionally right of access to the courts assures that prisoners have the tools they need in order to defend against criminal charges, attack their convictions and sentences [directly or collaterally], and bring civil rights claims challenging the conditions of their confinement. See, e.g., Lewis v. Casey, 518 U.S. 343, 350-55, 116 S. ct. 2174, 135 L. ed 2d 606 [1996].

6. Appointment of counsel is a valid means of fully satisfying state's constitutional obligation to provide prisoners, with access to the courts, as required by constitutional guarantees of equal protection and due process. U.S.C.A. Const. Amends. 5, 14, See also, Bourdon v. Loughren, 386 F. 3d 88 [2nd Cir 2004].

7. That in his motion to set aside his conviction or to vacate his sentence the Petitioner would allege some Aprendi/Blakely errors and that he was denied the effective assistance of counsel guaranteed by the sixth Amendment of the United States Constitution.

8. That in order to prove these claims, which if proven would entitle the defendant-petitioner to the relief he seeks, he must have access to the court. Due to the reality of Puerto Rico prisons system, without the assistance of counsel the defendant petitioner will be precluded from presenting to this court his motion to vacate, set aside or correct sentence, in violation of his " Right to sue and defend in the courts" See, e.g. Chambers v. Baltimore & Ohio R.R. Co, 207 U.S. 142, 148, 28 S.

III

Cf. 34, 52 L. Ed 143 [1907]

Wherefore, the Defendant-Petitioner's Motion for appointment of Consel to prepare and file on his behalf, a Motion to Vacate, Set Aside or correct Sentence should be granted.

Respectfully Submitted.

Carmelo Vega Pacheco.
Carmelo Vega Pacheco
Inst: Max. Seguridad
Sec. C-5- 6022
P.o. Box 900
Peñuelas PR 00624

Dated. 12 de Junio 2008

